Dear Mayor Roach:
You have requested the opinion of this office on whether the City of Lake Charles, when selling surplus immovable property in accordance with La. R.S. 33:4712, may reserve the right to reject the highest dollar bid submitted. According to your request, the City has determined that a piece of City owned immovable property is surplus and no longer needed for public purposes. Following the guidelines of La. R.S. 33:4712, the City has introduced a ordinance and advertised notice setting forth therein the minimum price and terms of the sale. In the Notice of Public Hearing and advertisement of the Sale, the City has reserved the right to reject any and all bids on the property. The declared purpose for reserving the right to reject any and all bids is to allow the City to evaluate the proposed use of the property for all bids which meet the minimum bid requirements and select the bidder, in part, based upon the proposed use even if the selected bidder does not submit the highest dollar bid. In doing so, the City hopes to see the property used in a manner which is consistent with the current use of other properties in the adjacent area and which would be in the best interest of the citizens of the City. Specifically, you ask whether the City may reject a higher dollar bid and sell the property to a lower bidder who has bid no lower than the appraised value.
The City's proposed plan to select a bidder for the sell of its surplus immovable property must be examined in light of ArticleVII, Section 14 of the Louisiana Constitution of 1974. It provides, in pertinent part, the following:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private. *Page 2 
This section mandates that, at a minimum, a public entity sell its surplus immovable property for fair value. Fair value is best achieved by public bid, after the minimum bid is established by appraisal. The appraisal is a professional estimate that attempts to determine the fair market value of the property. Fair market value means the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or sell and both parties have a reasonable knowledge of relevant facts. Once an appraisal is obtained the fair value of the property is best determined by a public offering which subjects the property to actual market conditions.
This approach is set out in La. R.S. 33:4711 et seq., which provides for either a private or public sale of immovable property declared by a public entity as surplus and no longer needed for public purposes. Our office has previously opined in Atty. Gen Op. No. 01-06 that although there is no prohibition against a private sale, "as a matter of good public policy and out of an abundance of caution, it is the opinion of this office that the proposed sale of surplus immovable property be made public." Accordingly, the preferred approach would be for the City to have the surplus property appraised establishing the minimum bid price and then offer the property at a public sale with the City accepting the highest dollar bid price. In doing so, the City would assure compliance with Article VII, Section 14 of the state constitution and allow the City to properly discharge its duties to act prudently and responsibly when selling surplus property by achieving the highest return on its surplus property.
A sale of surplus immovable property that takes into account non-pecuniary factors and which is sold for less than the highest dollar bid would not result in a sale for fair value and would constitute a donation of funds by the City and would be in violation of the above quoted constitutional provision. In addition, any attempt by the City to maintain control over the property by factoring into a bid the proposed use of the property would be inconsistent with the declaration by the City that the property is surplus and no longer needed for public purposes.
Should the City elect to sell the property a non-collusion affidavit required by La. R.S. 38:2213 must be executed and entered into the official record of the proceedings of the City at least seven days prior to the sale.
It is therefore the opinion of this office that a sale of surplus immovable property by the City of Lake Charles for an amount less than that offered by the highest bidder at a public offering subject to an appraisal establishing a minimum bid price would violate Art. VII, Sec. 14 of the Louisiana Constitution. *Page 3 
I trust this addresses your request. Please contact us if we can be of further assistance.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: _________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General